IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND, INDIANA

| | |
|---|---|
| SONDRA FORD ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| V. ) | |
| LAKE COUNTY, INDIANA; CALUMET ) | |
| TOWNSHIP, INDIANA; CALUMET ) | Cause No: |
| TOWNSHIP ASSESSOR'S OFFICE; ) | |
| JACQUELYN COLLINS- in her official and) | |
| personal capacity. ) | |
| Defendants. ) | |

## PLAINTIFFS' COMPLAINT

COMES NOW, the Plaintiff SONDRA FORD, by undersigned counsel, and for her first cause of action and Complaint for Damages against the Defendants, alleges and says:

## JURISDICTION AND VENUE

1. This action is brought against LAKE COUNTY INDIANA; CALUMET TOWNSHIP INDIANA; CALUMET TOWNSHIP ASSESSOR'S OFFICE; JACQUELYN COLLINS, in both her individual and official capacity. Jurisdiction exists pursuant to 28 U.S.C. §1331and §1342 based on 42 U.S.C § 1983 and questions of federal constitutional law for deprivations of the Plaintiff's civil liberties. Supplemental jurisdiction over Plaintiff's state law claims is pursuant to 28 U.S.C. § 1367.

2. The unlawful actions described herein were committed wholly in the Northern District of Indiana, in Lake County, Indiana and thusly, the United States District Court for the Northern District of Indiana is the proper venue for this action pursuant to 28 U.S.C. § 1391(b) (1-2).

**PRELIMINARY FACTS**

3. The CALUMET TOWNSHIP ASSESSER'S OFFICE (hereafter "Assessor's Office") is located in Lake County, Indiana at 501 East 5th Avenue, Gary, Indiana 46402..

4. That Calumet Township, as well as the ASSESSOR'S OFFICE are located entirely within LAKE COUNTY, in the state of Indiana.

5. That at all times relevant hereto, Plaintiff SONDRA FORD resided in Lake County, Indiana at 7715 Forest Avenue, Gary, Indiana 46403

6. That JACQUELYN COLLINS was and is the CALUMET TOWNSHIP ASSESSOR at all times relevant to this complaint.

7. That the Plaintiff was employed by the CALUMET TOWNSHIP ASSESSOR'S OFFICE prior to the primary election for Calumet Township Assessor.

8. That prior to the aforementioned primary election, SONDRA FORD, was an Assessor since 2013, with no history of discipline or malfeasance.

9. That following the caucus, Defendant JACQUELYN COLLINS turned to Plaintiff SONDRA FORD and stated that she was 'fired immediately because she ran against her and should have dropped out as soon as JACQUELYN COLLINS put her hat in the ring.

10. That on February 26, 2024 Plaintiff SONDRA FORD was terminated from her job.

# FIRST CAUSE OF ACTION
## SUBSTANTIVE VIOLATION OF CONSTITUTIONAL FREEDOM OF SPEECH AND EXPRESSION; FIRST AMENDMENT; 42 U.S.C., SEC. 1983, AND THE FOURTEENTH AMENDMENT

11. Plaintiff realleges and incorporates by reference the allegations in the proceeding paragraphs as though fully set forth herein.

12. The actions complained of hereinabove, specifically those actions set forth in paragraphs 5-10 were done as a custom, usage, or policy by the ASSESSORS'S OFFICE's policy maker, i.e. JACQUELYN COLLINS. The Plaintiff was not a policy maker.

13. Plaintiff was discharged from her position with the ASSESSOR's office, a public institution, which caused her irreparable injury to her constitutional rights, income, reputation and benefits by suppression of her political beliefs and speech which is constitutionally protected expression.

14. The actions complained of herein are discriminatory, arbitrary, capricious, unconstitutional, and have no valid or substantive basis.

15. The government has no power to restrict lawful expression because of its message, subject or content.

16. The actions of the Defendants, as alleged herein, go well beyond an incidental restriction on freedom of expression and constitute suppression of constitutionally protected activity and expression.

## SECOND CAUSE OF ACTION
## VIOLATION OF CONSTITUTIONAL EQUAL PROTECTION OF LAWS, 42 U.S.C. SEC. 1983; FIFTH AND FOURTEENTH AMENDMENTS

17. Plaintiff realleges and incorporates by reference the allegations in the proceeding paragraphs as though fully set forth herein.

18. For the reasons specifically set forth in paragraphs 6-16 Plaintiff has been treated differently and unequally by the Defendants than other employees. The Defendants have acted discriminatorily, irrationally and arbitrarily towards Plaintiff.

## THIRD CAUSE OF ACTION
## VIOLATION OF CONSTITUTIONAL SUBSTANTIVE DUE PROCESS, FIFTH AND FOURTEENTH AMENDMENTS; 42 U.S.C., SEC 1983

19. Plaintiff realleges and incorporates by reference all allegations in the proceeding paragraphs as though fully set forth herein.

20. Plaintiff has been targeted and suffered pecuniary loss due to her political affiliations and beliefs.

21. JACQUELYN COLLINS sought to make an example of political dissidents and intentionally waged a war on SONDRA FORD who did not support her winning the election. The deprivations suffered by Plaintiff are all at COLLINS and the ASSESSOR'S OFFICE behest.

22. The above-alleged facts constitute constitutional violations and deprivations of the Plaintiff's rights in that the Defendants actions and conduct are gravely unfair, inherently impermissible and create a substantive due process violation, pursuant to the Due Process Clause, as per the Fifth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C Sec. 1983

## FOURTH CAUSE OF ACTION (INDIANA STATE LAW)
## WRONGFUL DISCHARGE; INDIANA STATE CONSTITUTION ARTICLE I
## SECTION 9, INDIANA TORT CLAIMS ACT,

23. Plaintiff realleges and incorporates by reference the allegations in the proceeding paragraphs and Counts as though fully set forth herein.

24. Plaintiff filed notice under the Indiana Tort Claim Act with the state of Indiana within the governing statute of limitations.

25. Plaintiff realleges her discharge was contrary to public policy and in violation of Indiana Law.

26. The Plaintiff was a governmental employee who was discharged for exercising her statutory and constitutional right to freedom of speech, political affiliation, and to assemble.

27. That the discharge was impermissibly politically motivated and used as retribution for Plaintiff not supporting the newly elected Assessor.

28. That governmental immunity is not applicable herein because the actions taken by COLLINS were outside the scope of employment and immunity for discretionary acts insulates only significant policy and political decisions that cannot be assessed by customary tort standards, which this is not.

## FIFTH CAUSE OF ACTION ((INDIANA STATE LAW)
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff realleges and incorporates by reference the allegations in the proceeding Paragraphs and Counts as though fully set forth herein.

30. The Defendants' conduct of berating, humiliating and discharging Plaintiff was extreme

and outrageous.

31. As a direct and proximate result of the Defendants extreme and outrageous conduct, they recklessly caused severe emotional distress to Plaintiff.

## PUNITIVE DAMAGES

32. Plaintiff realleges and incorporates by reference the allegations in the proceeding paragraphs and Counts as though fully set forth herein.

33. The Defendants -JACQUELYN COLLINS et al., acted with the evil motive of crushing any political dissent within her office and punishing employees who did not support her political agenda.

34. While fully aware of the illegality of her actions, COLLINS acted with callous indifference to the federally protected rights of the Plaintiff.

35. For this and the aforementioned reasons, Plaintiff respectfully requests Punitive damages.

**WHEREFORE**, Plaintiff requests compensatory damages to compensate her for damages, loses, and attorney's fees, as well as, all other legal or equitable relief which Plaintiff is entitled. Plaintiff also requests punitive damages in an amount to be determined by a jury and all other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests this matter be tried by jury.

Respectfully Submitted,

/s/ Lloyd P. Mullen
Lloyd P. Mullen
Mullen & Associates, P.C.
113 West Joliet Street
Crown Point, Indiana 46307
Telephone: (219) 661-1529